L. A. ANDREW, State Superintendent of Banking, Appellee, v. G. M. HANCHETT, Appellant.

No. 39676.

JUNE 24, 1929.

REHEARING DENIED OCTOBER 15, 1929.

*E. H. Pollard* and *Holt & Allbee,* for appellant.

*A. B. Hoover,* for appellee.

DE GRAFF, J.—It is necessary to state the salient facts, to make understandable the issues joined by the parties in this action. The facts are these: In January, 1920, Harold Eldridge and his wife, Lydia, borrowed $10,000 from the St. Anthony Savings Bank, of which one E. E. Cooper was then president. The Eldridge note evidencing the loan was secured by a mortgage upon their undivided interest in the estate of Louis Eckhardt, which Lydia Eldridge held as an heir. The note and the mortgage were made payable to the said E. E. Cooper, for the reason that $5,000 of the money loaned came from the Lee County Savings Bank, of Ft. Madison, Iowa, of which the appellant G. M. Hanchett was cashier, and the said E. E. Cooper was acting for both banks in making this loan. The note was not paid at its maturity, and E. E. Cooper foreclosed the mortgage in the district court of Iowa in and for Marshall County, and the property was sold at sheriff's sale on September 18, 1922, to E. E. Cooper. Later, Cooper obtained a sheriff's deed in the usual time and manner, as provided by law.

On July 21, 1924, E. E. Cooper and wife quitclaimed to the appellant, Hanchett, as trustee, all their right, title, and interest in said real estate. This was done to prevent the interests of the St. Anthony Savings Bank in the matter from becoming involved in the personal affairs of the said Cooper. The appellant, Hanchett, had no other interest in the undivided one half of said land described in the quitclaim deed than as trustee for the St. Anthony Savings Bank.

It further appears that, on August 5, 1921, the St. Anthony Savings Bank borrowed $10,000 from the Lee County Savings Bank, and gave its promissory note, payable on demand, which,

at the time of this trial, had been reduced to about $3,300. On the 4th day of May, 1927 (nine months after the St. Anthony Savings Bank had closed), the Lee County Savings Bank sold and assigned this $10,000 note to the appellant, Hanchett, and transferred to him the security it held for the payment of said note.

The appellant, Hanchett, based his refusal to deed back the interest of the St. Anthony Savings Bank on the ground that he held the deed as collateral to the $10,000 note which he had purchased from the Lee County Savings Bank on May 7, 1927, by reason of an alleged agreement made between the Lee County Savings Bank and one G. E. Allbee, then cashier of the St. Anthony Savings Bank, by which the undivided one-half interest in the real estate described in the Cooper deed should be held by the Lee County Bank as additional collateral to the $10,000 note. It thus appears that the $10,000 note of the St. Anthony Savings Bank was the property of the Lee County Savings Bank at the time the quitclaim deed was made to the appellant, Hanchett, as trustee; that said note was not fully paid; that, at the time of the closing of the St. Anthony Savings Bank, July 17, 1926, the Lee County Savings Bank still held the $10,000 note, and the appellant, Hanchett, held the Cooper deed, as trustee; that the appellant, Hanchett, purchased the $10,000 note from the Lee County Savings Bank in May, 1927, more than nine months after the closing of the St. Anthony Savings Bank; that the Lee County Savings Bank never held the Cooper deed as collateral to the $10,000 note; and that Hanchett could not assert any claim to said deed, as collateral to said note, by reason of the fact that he had purchased the note. There is no testimony that the Cooper deed was ever in possession of the Lee County Savings Bank, as collateral or otherwise, but it was in the continuous possession of the appellant, Hanchett, as trustee, from the time it was delivered to him as trustee to the time of the trial.

The first time that anything was ever said between the Lee County Savings Bank and the St. Anthony bank about using the Cooper deed as collateral to the $10,000 note executed and delivered to the Lee County Savings Bank was in a telephone conversation between Hanchett, as cashier of the Lee County Savings Bank, and Allbee, as cashier of the St. Anthony bank, which occurred about the time of the closing of the Marshalltown

State Bank, to wit, in April, 1926. The latter bank was located a few miles from St. Anthony. On the day the Marshalltown bank closed, Allbee telephoned the Lee County Savings Bank, informing it of the closing of the Marshalltown bank, and stated that, if the St. Anthony bank was not pressed on its obligations to the Lee County Savings Bank, it would not be embarrassed. It was in this telephone conversation that Hanchett claims that Allbee, as cashier, agreed that the Lee County Savings Bank could hold the Cooper deed as additional collateral.

Two issues arise: one of law, and one of fact. Of these in their order. If it be conceded, *arguendo,* that the agreement as claimed by Hanchett was made, what further was ever done to make the alleged pledge valid and enforcible? The record furnishes no answer to this question. In fact, nothing was ever done. Hanchett occupied a dual capacity. He was cashier of the Lee County Savings Bank, and also was acting as trustee in the deed for the St. Anthony bank. In case of a pledge, only a special title passes to the pledgee, and that is dependent upon actual possession. In order to hold and preserve a lien of this character, there must be, not only a delivery when the chattel can be transferred, but continued possession also retained. 21 Ruling Case Law 655. Until the act of delivery is performed, the special property that the bailee is entitled to hold does not vest in him. Delivery of a thing is not a consequence, but the very essence of the contract. 31 Cyc. 799. The fact that the appellant, Hanchett, held the Cooper deed as trustee only, and not as cashier of the Lee County Savings Bank, would put him in the same position as any other third party, not connected with the bank. See 31 Cyc. 804, with authorities cited. As said in said text, supra, page 801:

"The delivery of possession of the goods to the pledgee may be actual, constructive, or symbolical; but it must be clear, unequivocal, complete, and effective at all times, so as to give notice to third parties of the pledgee's rights. * * * A mere agreement by the debtor that the creditor shall take and hold certain property as security for his debt is insufficient."

If we give the testimony of the appellant full weight and credit, there is lacking any evidence relative to the delivery of the pledge from Hanchett, as trustee, to the bank, or possession

by the Lee County Savings Bank of the pledge. There was no delivery to an agent or trustee of the pledgee, or to a third person. In brief, there was no change of possession.

Passing, for a moment, to the fact side, we may say that the testimony relative to the telephone conversation upon which the agreement to pledge is predicated, is not at all satisfactory. The appellant testified that Allbee, cashier of the St. Anthony bank, did not say to him over the telephone that the arrangement was satisfactory or agreeable to him, "but that it was acceptable; that he could not give the conversation over the telephone,—he could only give the result."

It will be borne in mind that, at the time of this alleged telephone conversation, in April, 1926, the Lee County Savings Bank was the holder of the $10,000 note, while the appellant, Hanchett, as trustee, held the Cooper deed. It may not be said that there was any connection between the two by reason of the fact that Hanchett was cashier of the Lee County Savings Bank. It is pertinent to ask, if the Lee County Savings Bank held the Cooper deed as collateral to the $10,000 note held by it, why did it not exercise its rights to the collateral, instead of selling the note to the appellant, Hanchett? In the light of the facts, the proper inference can reasonably be drawn.

It is unnecessary to discuss the fact side in further detail. It is sufficient to state that we are not satisfied, from the evidence, that the deed was pledged as claimed by appellant. Therefore, on both the law and the fact, we are constrained to sustain the findings made by the trial court. The decree entered is— *Affirmed.*

ALBERT, C. J., and STEVENS, FAVILLE, and MORLING, JJ., concur.